IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

BRANDON LAUREYS                :
4718 Riverdale Road           :
Riverdale, Maryland 20737    :

      Plaintiff               :

   v.                         :   Case Number _____

DISTRICT OF COLUMBIA      :
Serve:  Honorable Mayor Muriel Bowser  :
Executive Office of the Mayor    :
John A. Wilson Building      :
1350 Pennsylvania Avenue, N.W.,  :
Suite 300               :
Washington, D.C. 20004      :

And

DISTRICT OF COLUMBIA      :
Serve:  Attorney General Karl A. Racine  :
441 4th Street, N.W.       :
Washington, D.C.  20001     :

      Defendant           :

## COMPLAINT

Brandon Laureys, plaintiff, through counsel, brings this action and states as follows:

### COUNT ONE
### Violation of Civil Rights pursuant to Title 42
### Section 1983 of the United States Code

1.      Jurisdiction is based on Title 42 Section 1983 of the United States Code and

diversification of citizenship.  The plaintiff is an adult male citizen of the United States of

America and a resident of Prince George's County, Maryland.

2.      The defendant District of Columbia is a municipal corporation.

3.      The amount in controversy exceeds $150,000.00.

4.     At all times mentioned or referred to in this complaint, all employees and agents were working in the scope of their employment.

5.     The plaintiff is a Caucasian male.

6.     The defendant, through its agents and employees, failed to give the plaintiff equal rights under the law based upon his race.  He was denied his civil rights.

7.     The defendant, through its agents and employees, deprived the plaintiff of his civil rights under the color of statute, ordinance, regulation, custom and usage and deprived him of his rights, privileges and immunities set forth by the constitution and laws of the United States of America.

8.     The plaintiff was sentenced based upon actions that occurred in the District of Columbia.

9.     The plaintiff was continuously incarcerated from on or about November 14, 2008 until his release on or about January 3, 2018.

10.    Mr. Laureys was kept in the District of Columbia Jail and was also kept and transferred to other detention facilities.

11.    The following allegations occurred in the District of Columbia Jail at 1901 E Street, S.E., Washington, D.C.

12.    Mr. Laureys was improperly protected and classified by the defendant.

13.    The defendant failed to properly train, supervise and hire and retain correctional officers.

14.    Shortly before November 29, 2009, the plaintiff was improperly moved from general population South East 2 to Northeast Cellblock 1.  Cellblock 1 houses hardened criminals.

15.     The transfer was based upon Mr. Laureys' race.

16.     The inmates were supposed to be in their cells no later than 8:00 p.m.

17.     Mr. Laureys was punched in the eye by an inmate for no reason at 8:15 p.m.

18.     As a result of the incident, plaintiff suffered a broken eye orbit bone, concussion, injury to the eyes, face and permanent diminished eye sight.

19.     On or about February 5, 2010, Mr. Laureys was heading for recreation time and was ordered back to his cell by Sergeant Ekwanna.

20.     Sergeant Ekwanna sprayed Mr. Laureys with mace for about 8 seconds for no valid reason causing damage to the plaintiff.

21.     This action was cruel and unusual punishment.  Mr. Laureys was also discriminated against due to race.

22.     On or about March 28, 2010, the plaintiff was assaulted by four inmates when he was in his protective cellblock.  Mr. Laureys and another inmate were attacked.

23.     The four inmates were in the wrong cellblock and improperly supervised.

24.     The discrimination was based on his race.

25.     Mr. Laureys suffered a concussion.  He was beaten with a broomstick and suffered razor cuts to his face.

26.     The plaintiff was threatened and punished partially based on his race for refusing to name his assailants.

27.     On numerous occasions, including March 20, 2010, unsupervised inmates hit the plaintiff with feces.

28.     Shortly after the March 28, 2010 incident, Mr. Laureys was threatened to sign papers to prosecute the perpetrators of the March 28, 2010 incident.   The plaintiff was threatened and intimidated to sign the papers.

29.     Mr. Laureys was placed in solitary confinement in the hole for more than five (5) months as punishment for failing to sign.

30.     The other inmates involved were African Americans and received less severe punishment.

31.     After the March 28, 2010 incident, plaintiff was denied legal counsel and medical treatment.

WHEREFORE, plaintiff demands compensation against the defendant in the sum of Five Million Dollars ($5,000,000.00), plus attorney's fees, interest and costs.

COUNT TWO
Violation of Title 42 Section 1981 of the United States Code
Violation of Equal Rights Under the Law

32.     The plaintiff incorporates by reference the above allegations.

33.     The defendant individually and through its agents and employees deprived the plaintiff of his civil rights under color of statute, ordinance, regulation, custom and usage and deprived him of his rights, privileges and immunities set forth by the constitution and laws of the United States of America.

34.     The defendant, through its agents and employees, failed to give the plaintiff equal rights under the law based upon his race.  He was denied his civil rights.

35.     As a result of the action and inactions of the defendant, individually and through

its agents and employees, the plaintiff suffered physical damage, mental damage and duress some of which are permanent in nature.  The plaintiff could not pursue his interests.

WHEREFORE, plaintiff demands compensation against the defendant in the sum of Five Million Dollars ($5,000,000.00), plus attorney's fees, interest and costs.

### COUNT THREE
#### Negligence

36. The plaintiff incorporates by reference the above allegations.

37. The defendant, through its agents and employees, negligently failed to supervise and take care of the plaintiff while he was within custody of the defendant.

38. As a result of the negligence of the defendant by its agents and employees the plaintiff suffered damages including but not limited to physical, mental, psychological, and other damages.  The defendant was negligent.

39. The defendant,  through the actions of its agents and employees, negligently failed to provide appropriate medical care to the plaintiff while he was within its custody.  The defendant, through its agents and employees, failed to properly provide for the plaintiff's nutritional needs.

40. The defendant, through its agents and employees, failed to provide treatment, medical care, supervision, proper classification, hiring, firing and training.  The defendant committed other negligence.

41. As a result of the actions and inactions of the defendant, individually and through its agents and employees, who were in the employment of the defendant, the plaintiff suffered physical damage, mental damage and duress some of which are permanent in nature.  The plaintiff could not pursue his interests.

WHEREFORE, plaintiff demands compensation against the defendant in the sum of Five Million Dollars ($5,000,000.00), plus attorney's fees, interest and costs.

## COUNT FOUR
### Negligent Failure to Supervise, Hire, Train and Properly Retain Correctional Officers

42.     The plaintiff incorporates by reference the above allegations.

43.     From November 14, 2008 through January 3, 2018, the defendant failed to properly supervise, train, hire, fire and monitor the actions of correctional officers.  The defendant improperly retained certain correctional officers.

44.     As a result of this failure, the plaintiff has suffered injuries here before mentioned.

45.     As a result of the actions and inactions of the defendant, through its agents and employees, the plaintiff suffered physical damage,  mental damage and duress, some of which are permanent in nature.  The plaintiff could not pursue his interests.

WHEREFORE, plaintiff demands compensation against the defendant in the sum of Five Million Dollars ($5,000,000.00), plus attorney's fees, interest and costs.

## COUNT FIVE
### Intentional Infliction of Emotional Distress

46.     The plaintiff incorporates by reference the above allegations.

47.     The defendant, through its agents and employees intentionally inflicted emotional distress upon the plaintiff.  The actions of the defendant, through its agents and employees, were malicious, grossly wanton, negligent and occurred with total disregard of the rights of the plaintiff.

48.    The defendant acted intentionally and recklessly, the conduct was extreme, outrageous and intolerable.  There is at least causal connection between defendant's conduct and the stress, and the emotional stress was severe.

49.    As a result of the actions and inactions of the defendant, through its agents and employees, the plaintiff suffered physical damage,  mental damage and duress, some of which are permanent in nature.  The plaintiff could not pursue his interests.

WHEREFORE, plaintiff demands compensation against the defendant in the sum of Five Million Dollars ($5,000,000.00), plus attorney's fees, interest and costs.

COUNT SIX
Violation of the District of Columbia Human Rights Act

50.    The plaintiff incorporates by reference the above allegations.

51.    On a number of occasions previously mentioned the defendant, through its agents and employees, violated the District of Columbia Human Rights Act by the actions or inaction.

52.    As a result of the actions and inactions of the defendant, through its agents and employees, the plaintiff suffered physical damage,  mental damage and duress, some of which are permanent in nature.  The plaintiff could not pursue his interests.

WHEREFORE, plaintiff demands compensation against the defendant in the sum of Five Million Dollars ($5,000,000.00), plus attorney's fees, interest and costs.

_Warren E. Gorman, #172213_

216 North Adams Street
Rockville, Maryland  20850
(301)424-0677
wegorman@aol.com

Attorney for Plaintiff
Brandon Laureys

<u>JURY DEMAND</u>

The plaintiff seeks a jury trial on all issues.

_Warren E. Gorman_

8